IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIAN LAX, TRACEY BURON-HAHNLEIN,
WERNER HAHNLEIN, and JEREMY
HADER, on their own behalf and on
behalf of all others similarly situated,

        Plaintiffs,

v.                                                    CIV No. 20-264 SCY/JFR

APP OF NEW MEXICO ED, PLLC,
f/k/a ALIGNMD OF NEW MEXICO,
PLLC, and LOVELACE HEALTH
SYSTEM, LLC,

        Defendants.

## ORDER GRANTING MOTION TO STRIKE[1]

When Defendant APP of New Mexico ED, PLLC ("APP'") removed this case to federal court under the Class Action Fairness Act (Doc. 1), Plaintiffs promptly filed a motion to remand (Doc. 25). In considering the motion to remand, the Court reviewed the "local controversy exception" to the Class Action Fairness Act and found that Plaintiffs had not met their burden to establish that greater than two-thirds of the proposed class members are citizens of New Mexico. Doc. 39 at 23. However, the Court recognized the obstacles Plaintiffs face in making such a showing and so took the matter under advisement to allow Plaintiffs the "opportunity to submit to the referral judge a proposal for *limited* discovery on the question of citizenship." Doc. 39 at 24-25 (emphasis is original). Accordingly, the parties briefed a proposed discovery plan and the referral judge, Judge John Robbenhaar, entered a discovery order on November 22, 2020 for

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 9, 14, 15, 16, 17.

limited citizenship discovery. Doc. 47. The parties conducted citizenship discovery and Plaintiffs produced an original and supplemental expert report by Professor James Henry Degnan. *See* Docs. 59, 68. In the present motion, Defendants argue that Plaintiffs' supplemental expert report is improper and untimely and move to strike it. Doc. 69. The motion to strike is fully briefed (Docs. 71, 75) and is ready for a decision.

To provide context for this present dispute, below is a table that outlines the sequence of discovery Judge Robbenhaar set forth in his discovery order:[2]

| **Deadline** | **Allotted Time** | **Timeframe for Completion** | **Completed On** |
| --- | --- | --- | --- |
| Parties submit motion for protective order | 7 days after discovery order | December 2, 2020 | December 1, 2020 (Doc. 49) |
| Defendants to disclose to Plaintiffs a list of all persons who arguably fit the class definition | 10 days after protective order enters | December 11, 2020 | December 11, 2020 (Doc. 50) |
| Plaintiffs to provide a notice of deposition to Defendants | 7 days after receiving the list of putative class members | December 21, 2020 | December 21, 2020 (Doc. 51) |
| Parties to conduct a Rule 30(b)(6) deposition | 10 days after the notice of deposition | December 31, 2020, but extended by Order (Doc. 53) to January 15, 2021 | January 15, 2021 |
| Plaintiffs to request additional information | 7 days after the deposition | January 22, 2021 | |
| Defendants produce additional records | 10 days after Plaintiffs' request | | |
| Plaintiffs provide Defendants a script of any questions they intend to ask putative class members | 30 days after the deposition | February 15, 2021 | |
| Plaintiffs to conduct any survey, random sampling, or other research related to the citizenship issue | 60 days after deposition | March 16, 2021, but extended by Order (Docs. 55, 57) to May 31, 2021 | |

---

[2] Where the Court does not have the date of a request or the completion of a task, the Court has left the table blank.

| Plaintiffs to provide expert report | 30 days after survey/sampling is complete | June 30, 2021 | June 30, 2021 (Doc. 59) |
|---|---|---|---|
| Defendants to depose Plaintiffs' expert | 30 days after Plaintiffs' expert report | July 30, 2021 | July 22, 2021 (Doc. 63) |
| Defendants to produce rebuttal report | 30 days after Plaintiffs' expert report | July 30, 2021, but extended by Order (Doc. 64) to August 15, 2021 | August 16, 2021 (Doc. 65) |
| Plaintiffs to depose Defendants' expert | 30 days after Defendants' expert report | September 15, 2021 | September 10, 2021 (Doc. 66) |
| Plaintiffs to file amended motion to remand | 30 days after all expert reports are disclosed and expert depositions are complete | October 11, 2021 | October 8, 2021 (Doc. 70) |

Of note for the present motion, Plaintiffs disclosed their expert report of Prof. Degnan on June 30, 2021. Doc. 59. Defendants deposed him on July 22, 2021 (*see* Doc. 63) and produced their rebuttal expert report on August 16, 2021 (Doc. 65). On September 9, 2021, Plaintiffs then disclosed a supplemental expert report of Prof. Degnan. Doc. 68. Defendants seek to strike the supplemental report, arguing that the report is untimely, in violation of the discovery order. They argue that "[t]he Court's Order clearly contemplated that there would be a period under which Plaintiffs could conduct their survey, have their statistician expert provide a report, and then have Plaintiffs' statistician be deposed. It did not contemplate that Plaintiffs would be permitted to conduct a new second telephone survey after their statistician expert was deposed to try and fix the error in the first survey." Doc. 69 at 1.

Plaintiffs, on the other hand, argue that Defendants' expert criticized the methods contained in Prof. Degnan's original expert report. Accordingly, they argue that the purpose of the supplemental report "was to oblige Defendants and carry out a second sample." Doc. 71 at 1. This, they argue, was not improper because "[t]he Supplemental Expert Report states the results of a second sample that was carried out based on Defendants' explicit statement that Plaintiffs'

3

first sample was invalid without confirmation from an additional independent sample." Doc. 71 at 5.

The Court agrees with Defendants that the supplemental report is untimely. By Plaintiffs' own explanation, the supplemental report, in essence, is a rebuttal report to Defendants' expert report. That is, Defendants' expert report purports to cast doubt on the methodology and sampling in Plaintiffs' original expert report. Upon review of Defendants' expert report, Plaintiffs then conducted a second sample and their expert created a rebuttal report attempting to "fix" the issues raised by Defendants' expert – i.e., attempting to cast doubt on the conclusions reached by Defendants' expert. The discovery order in place does not provide for such a rebuttal report. To the contrary, Judge Robbenhaar's order repeatedly states that he aims to limit the parties to the narrow discovery path detailed in his Order.

Plaintiffs argue that the supplemental report causes no prejudice to Defendants since the report and the "second sample simply replicated the first sample according to Defendants' specifications." Doc. 71 at 4. The Court disagrees that such a report does not prejudice Defendants. The discovery order set a specific timeline for Plaintiffs to provide Defendants with a script of any questions they intend to ask putative class members, conduct the survey, produce an expert report, and have their expert deposed before Defendants produced a rebuttal report and had their expert deposed. By adding a supplemental report to the end of this process, Defendants were unable to depose Prof. Degnan on his new report and Defendants' expert did not have the benefit of Prof. Degnan's supplement when he prepared his expert report.

As Defendants note, if the Court were to allow Plaintiffs' supplemental expert report, Defendants should be given additional time to re-depose Plaintiffs' expert (at Plaintiffs' cost) and to respond to the supplemental report. Plaintiffs do not oppose giving Defendants an

4

opportunity to re-depose Prof. Degnan. Essentially, this would be a re-do, where Plaintiffs' supplemental expert report would act much like an initial expert report.

The Court declines to authorize this re-do, which would necessarily extend jurisdictional discovery on citizenship past the one-year mark. The discovery order clearly put Plaintiffs on notice that they would be given time to produce an expert report before Defendants' rebuttal report, but not that they would be given time to produce a supplemental rebuttal report. Further, the parties have had ample time (almost a year) to conduct citizenship discovery. As the Court warned in its Memorandum Opinion and Order on the Motion to Remand, it is only allowing *limited* citizenship discovery and is mindful of the Tenth Circuit's admonition that resolution of jurisdictional issues should not "bog[] [cases] down in mini-trials before they have even begun." Doc. 39 at 24 (citing *Hammond v. Stamps.com, Inc*, 844 F.3d 909, 913 (10th Cir. 2016)).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Disregard and Strike Plaintiffs' Supplemental Report of James Degnan, Ph.D. (Doc. 69) is GRANTED. The Court strikes Plaintiffs' supplemental expert report (*see* Doc. 68) and will not consider arguments in the amended motion to remand, response, and reply briefs that relate to the supplemental expert report.

_____
Steven C. Yarbrough
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent