## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRIAN LAX, TRACEY BURON-HAHNLEIN,
WERNER HAHNLEIN, and JEREMY
HADER, on their own behalf and on
behalf of all others similarly situated,

      Plaintiffs,

v.

                                    CIV No. 20-264 SCY/JFR

APP OF NEW MEXICO ED, PLLC,
f/k/a ALIGNMD OF NEW MEXICO,
PLLC, and LOVELACE HEALTH
SYSTEM, LLC,

      Defendants.

## **ORDER GRANTING MOTION TO STAY**

      Following nearly two years of motions briefing and jurisdiction discovery, the Court

granted Plaintiffs' motion to remand, finding that this case falls under the local controversy

exception to the Class Action Fairness Act ("CAFA") and remanding it to state court. Doc. 88.

Shortly thereafter both Defendant APP of New Mexico Ed, PLLC ("APP") and Lovelace Health

System, LLC ("Lovelace") filed notices of petitions for permission to appeal with the Tenth

Circuit, seeking to appeal the remand order. Docs. 92, 94. Presently before the Court is

Defendants' Motion to Stay Order of Remand Pending Decision on Petitions for Appellate

Review Pursuant to 28 U.S.C. § 1453(C), filed March 21, 2022 (Doc. 93) and fully briefed April

8, 2022 (Docs. 96, 97). In that motion, Defendants request that the Court stay its remand order

while the Tenth Circuit considers the petitions for permission to appeal. Pursuant to 28 U.S.C. §

636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge

and entering final judgment. Docs. 9, 14, 15, 16. In deciding this motion, the Court will look first

at its authority to stay the remand order and then address the factors for a stay.

### 1. Authority to Stay Remand Order

Although an order granting remand is generally not reviewable, according to 28 U.S.C. §

1447(d), an exception exists for class action cases. Under CAFA, a court of appeals "may accept

an appeal from an order of a district court granting or denying a motion to remand a class action

to the State court from which it was removed if application is made to the court of appeals not

more than 10 days after entry of the order." 28 U.S.C. § 1453(c)(1); *see also BP Am., Inc. v.*

*Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034 (10th Cir. 2010) ("§ 1453(c)(1) provides us

with discretion to accept an appeal of a district court's remand of a purported mass action under

CAFA."). Citing § 1453(c), Defendants filed with the Tenth Circuit petitions for permission to

appeal. *See* Fed. R. App. P. 5(a)(1) ("To request permission to appeal when an appeal is within

the court of appeals' discretion, a party must file a petition with the circuit clerk and serve it on

all other parties to the district-court action."). Those petitions are currently pending before the

Tenth Circuit.

Ordinarily, once a district court remands a case it loses jurisdiction over that matter. *See*

28 U.S.C. § 1447(c). The present case, however, presents a slightly different situation because a

statutory exception, outside of § 1447, exists to allow appellate review of the remand order. The

Court is unaware of any authority from the Tenth Circuit regarding whether this Court has

jurisdiction to stay its remand order in such a situation. However, district courts have reasoned

that because the Tenth Circuit has discretion to exercise appellate jurisdiction over an order

granting remand in a class action case, "it only makes sense that this court has limited

jurisdiction to reopen the case and stay its remand order." *Bank of Am., N.A. v. El Paso Nat. Gas*

*Co.*, No. CV-16-743-R, 2017 WL 9478457, at *1 (W.D. Okla. Jan. 12, 2017); *see also Lafalier v. Cinnabar Serv. Co.*, No. 10-CV-0005-CVETLW, 2010 WL 1816377, at *1 (N.D. Okla. Apr. 30, 2010) ("The Court finds that it has the limited authority to reopen this case and stay its remand order, because appellate review of the Court's remand order is not barred by § 1447(d)."); *Raskas v. Johnson & Johnson*, No. 4:12 CV 2174 JCH, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013) ("To hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow."); *Citibank, N.A. v. Jackson*, No. 3:16-CV-712-GCM, 2017 WL 4511348, at *1 (W.D.N.C. Oct. 10, 2017) (collecting cases regarding the district court's authority to "exercise[] limited jurisdiction over motions to stay remand orders on the basis of the § 1453(c) exception."). The Court agrees with these non-binding opinions that it does have limited jurisdiction to stay the remand order while an appeal under § 1453(c) is pending.[1]

## 2. Stay Factors

Having determined that it has authority to stay the remand order, the Court must next consider whether a stay is appropriate. To request "a stay of the judgment or order of a district court pending appeal" "[a] party must ordinarily move first in the district court" for relief. Fed. R. App. P. 8(a)(1). "To obtain a stay under these rules, the [movant] must address the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." *F.T.C. v. Mainstream Mktg. Servs., Inc.*, 345 F.3d 850, 852 (10th Cir. 2003); *see also* 10th Cir. R. 8.1.

---

[1] The parties, likewise, do not dispute that the Court has such limited jurisdiction. *See* Doc. 93 at 3-4; Doc. 96 at 1.

Defendants seek to appeal on two grounds: (1) whether the Court erred by finding Lovelace fits the definition for significant local defendant under the local controversy exception; and (2) whether the Court erred in accepting the "residency plus one" test for determining citizenship of the proposed class. For the reasons stated in its Opinion, the Court disagrees with Defendants on these issues. Nonetheless, on the second issue, the Court recognizes a dearth of authority either way on the precise question presented on appeal and that Defendants could prevail on appeal. Further, if a defendant can establish the three harm factors set forth above, the first factor (likelihood of success on appeal) is somewhat relaxed. *See Mainstream Mktg. Servs., Inc.*, 345 F.3d at 852 ("With respect to the four stay factors, where the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed."). The Court therefore turns to the remaining three factors.

The second factor is the threat of irreparable harm if the stay is not granted. Defendants argue that, absent the stay, they will be forced to "expend resources litigating on two fronts." Doc. 93 at 6. Indeed, "[c]ourts have recognized the likelihood of irreparable harm caused by the burden of having to simultaneously litigate these cases in state court and on appeal . . . as well as the potential of inconsistent outcomes if the state court rules on any motions while the appeal is pending." *Bank of Am., N.A.*, 2017 WL 9478457, at *2 (internal quotation marks and citation omitted).

To that end, Defendants also argue that the stay will cause no real risk of harm to Plaintiffs (factor three) because the appeal process is expedited. Although the Court declines to find no risk of harm to Plaintiffs, the expedited nature of this appeal does weigh in favor of a stay. If the Tenth Circuit accepts Defendants' petitions for permission to appeal, absent an extension, the court must "complete all action on such appeal, including rendering a judgment,

not later than 60 days after the date on which such an appeal was filed." 28 U.S.C. § 1453(c)(2). In comparison, Plaintiffs spent nearly a year in this Court conducting jurisdictional discovery to support their motion to remand.

The expedited appeal process also speaks to factor four—any risk of harm to the public interest. While the public may have an interest in resolution of this proposed class action case, a brief stay poses only a slight risk of harm. And, in contrast, a stay serves the public interest by avoiding duplicative litigation in the state and appeals court and possibly inconsistent rulings.

On balance, the Court finds that the factors weigh in favor of staying the remand order while Defendants seek permission from the Tenth Circuit to appeal the remand order.

## CONCLUSION

It is therefore ordered that Defendants' Motion to Stay Order of Remand Pending Decision on Petitions for Appellate Review Pursuant to 28 U.S.C. § 1453(c) (Doc. 93) is **GRANTED**. The Court's Order of Remand (Doc. 89), remanding this case to the Second Judicial District Court for the State of New Mexico, is **STAYED** pending the Tenth Circuit's resolution of Defendants' petitions for permission to appeal, and if accepted by the Tenth Circuit, pending resolution of the merits of an appeal.

Defendants are ordered to notify this Court within five business days of the Tenth Circuit's decision as to whether it will grant Defendants' petitions for permission to appeal. Lastly, the Clerk of the Court is directed to mail a copy of this Order to the court clerk for the Second Judicial District Court for the State of New Mexico.

Steven C. Yarbrough
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

5